IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **09-cv-00652-JLK-BNB**

**PATRICIA HOLLADAY,**

    Plaintiff,
v.

**KONE, INC.,**

    Defendant.

___

## ORDER REMANDING CASE TO STATE COURT
___

KANE, J.

This defective elevator products liability action is before me on Defendant's Notice of Removal. On my own Motion, upon review, I order the action remanded to state court based on Defendant's failure to establish federal removal jurisdiction, which is premised on diversity of citizenship and Judge Figa's determination in *Henderson v. Target Stores*, 431 F. Supp.2d 1143 (D. Colo. 2006) that the jurisdictional amount of $75,000 can be established for removal purposes through reference to a plaintiff's Rule 16.1 CivilCover Sheet filed in the state court action. I have rejected this analysis, as have various other Judges in this district since its issuance in 2006. *See e.g.* 6/20/07 Order Remanding Case (Doc. 5), Civil Action No. 07-cv-01280-JLK (finding *Henderson* contrary to Tenth Circuit's application and strict construction of removal statutes) *and Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1215 (D.Colo. 2007)(Krieger, J.)(comprehensive consideration of issue culminating in express holding that Civil Cover Sheet is *not* an "other paper"or document sufficient to establish the actual amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332). The C.R.C.P. Rule 16.1 box on Colorado's Civil Cover Sheet does not constitute evidence from which the

jurisdictional $75,000 amount in controversy may be inferred. Such inference must be premised on factual representations set forth in pleadings, depositions, affidavits, discovery responses, or "other papers" sufficient to support them as an evidentiary matter.

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, Courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *see Franklin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied. *Franklin*, 251 F.3d at 1290. When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.*

As Judge Krieger observed, a Colorado Civil Case Cover Sheet is neither a pleading nor an exhibit, and does not constitute evidence from which the existence of the jurisdictional amount in controversy can be adduced. *Baker*, 557 F. Supp.2d at 1215. Under established Tenth Circuit law, therefore, reliance solely on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible to establish removal jurisdiction. *See id.*

Defendant's assertion that Plaintiff's allegations of "serious" and "permanent" injury, "wage loss," and "loss of economic advantage" similarly do not, without more, establish the $75,000 jurisdictional amount. In a removal case, it is the obligation of the removing defendant to establish the jurisdictional prerequisites of § 1332, specifically including the amount in controversy. *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (citing *Laughlin* at 873). While the burden is "rather light" if the sum claimed by plaintiff exceeds the jurisdictional amount, *id.*, "'there is a strong presumption'" against it where, as here, the specific amount of damages reference in plaintiff's complaint does not exceed $75,000 and plaintiff has not instituted its case in federal court. *Id.* ("Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court.'")(quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).

This case is again REMANDED to the District Court for the City and County of Denver, Colorado. Counsel are advised to read and recommend Judge Krieger's *Baker* decision to other practitioners in the district, as it constitutes the more recent and prevailing view of the Judges of this Court.

Dated March 31, 2009.

                **s/John L. Kane**
                SENIOR U.S. DISTRICT JUDGE